IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER MARK CARSON                                                                  PLAINTIFF

vs.                                        Civil No. 3:08-cv-03029

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Roger Mark Carson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on April 29, 2005.  (Tr. 42).  Plaintiff alleged he was disabled due to depression, diabetes, joint pain, and numbness in his hands and feet.  (Tr. 60-61).  Plaintiff alleged an onset date of June 25, 2004.  (Tr. 61).  These applications were initially denied on September 23, 2005 and were denied again on reconsideration on December 13, 2005.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 35-41). On April 19, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 29). This hearing was held on July 18, 2007 in Harrison, Arkansas. (Tr. 308-333). Plaintiff was present and represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, and Plaintiff's witness, Ellen Sue Heuson, testified at this hearing. *See id.* Vocational Expert ("VE") Floyd Massey, provided testimony through answers to interrogatories. (Tr. 156-160). On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the tenth grade. (Tr. 313).

On February 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 25, 2004. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, high blood pressure, depression, and inflammatory/rheumatoid arthritis. (Tr. 12, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13-19, Finding 5). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529(c). (Tr. 13). The ALJ found that Plaintiff's claimed limitations were not totally credible. (Tr.15).

The ALJ also reviewed all the medical evidence and hearing testimony and determined

Plaintiff's RFC. (Tr. 13-19, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to maintain employment at the level of lifting and carrying a maximum of 10 pounds  occasionally and less than 10 pounds frequently; stand and walk for about 2 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour. The claimant can frequently twist, occasionally stoop and rarely crouch, climb and crawl.  The claimant is moderately limited in the ability to understand, remember and carry out complex instructions, make judgments on complex work-related decisions, respond appropriately to usual work situations and routine work changes.

(Tr. 13, Finding 5).

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (Tr. 19, Finding 6).  However, the ALJ also determined, considering his age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff  would be able to perform.  (Tr. 19, Finding 10).  Specifically, the ALJ found Plaintiff would be able to perform a job such as a surveillance system monitor with 126 such jobs in Arkansas and 16,136 such jobs in the United States, as an addressee with 67 such jobs in Arkansas and 21,932 such jobs in the United States, and as an escort vehicle driver with 1,006 such jobs in Arkansas and 15,693 such jobs in the United States. (Tr. 20).  After making this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from June 25, 2004  through February 14, 2008, the date last insured.  (Tr. 20, Finding 11).

On February 27, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.984(b)(2).  On May 5, 2008, the Appeals Council declined to review this determination. (Tr. 3).  On June 16, 2008, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1).  Both parties have filed appeal briefs. (Doc. Nos. 6,7).  The parties consented

to the jurisdiction of this Court on September 19, 2008.  (Doc. No. 4).

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the following: (1) the ALJ decision is not supported by substantial evidence; (2) the ALJ failed to properly accept the opinions of treating physicians; (3) the ALJ performed an improper *Polaski* evaluation; (4) the ALJ failed to fully and fairly develop the record and (5) the ALJ failed to consider Plaintiff's obesity and organic brain syndrome. (Doc. No. 6, Pages 8-20).  In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence.  (Doc. No. 7, Pages 3-11).  Defendant argues the ALJ properly considered the opinions of Plaintiff's treating physicians; the ALJ fully and fairly developed the record; the ALJ properly evaluated Plaintiff's subjective complaints; and the ALJ properly considered Plaintiff's

alleged impairments. *See id.* Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, recognized the proper legal standard for assessing credibility and noted the following:

> After considering the evidence of record, the undersigned finds the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 15).

This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7

52 and 58.

      **ENTERED** this **8th day of September, 2009.**

                                      /s/ Barry A. Bryant
                                      HON. BARRY A. BRYANT
                                      U.S. MAGISTRATE JUDGE